Grounds for relief: (Attached) 1-8 pgs

1.) The foundational ground of this action is for the overall "unavailable" Administrative Remedy Program that is being denied, by the following grounds of Due Process, and other Constitutional violations favorably construed.

A.) Defendants, although capable of providing the necessary forms, and assistance to file for relief through the FBOP's Administrative Remedy Program, they did not, and have not, but only in selective cases, allowed for the filing of this Remedy Program. These few cases do not compare to the epidemic corruption that forcefully disallows many, including Plaintiff to access such Remedy.

B.) There exists particular elements in Plaintiff's case that makes the generally and existing available remedies effectively Unavailable to him.

His local remedies, at all attempts covered in the following claims of this case, were ineffective, unobtainable, unduly prolonged, inadequate, and/or obviously futile. Regardless of the what regulations, or guidance materials promise, the ARP has proved a simple dead-end with officers and Admin. Staff unable to, or consistently unwilling to provide any relief to aggrieved Plaintiff.

1

This Remedy is so incapable of use that the inmates, and staff can both testify to the fact that it is regularly understood that an inmate will face unbelievable obstacles of harm if he even positions himself to file a seriously constructed complaint, or suit against F.C.I. Beckley. No ordinary prisoner can discern or navigate the mechanism that Defendants claim to be available. The maze is not comprehendable and very complicated, hence "exhaustion" being the perfect term for it's purpose. To exhaust those seeking relief. Lastly, Plaintiff shows the ARP to be unavailable as a result of prison administrators who have thwarted Plaintiff, and others at FCI Beckley, from taking advantage of a grievance process through machination, misrepresentation, or intimidation, and administrators otherwise have interfered with Plaintiffs' pursuit of relief. For example, improperly processing Plaintiffs' grievances, misinforming Plaintiff regarding grievance procedures, and denying Plaintiff access to the necessary grievance forms within a time limit for filing for relief, the remedies should, inspite of Defendant Declarations to the contrary, be considered unavailable by the support of attached evidence, and these factual

2

This in turn, ended in a highly prejudicial, discriminatory action of fraudulent records, and obvious inconsistent statements that left Plaintiff expelled for unjust causes. He has attempted Admin Remedy in this matter of "expulsion" after having 685 hours of a 500-hour program completed, but the Defendants improperly processed remedy as untimely to thwart Plaintiffs claim, and thereby making that remedy unavailable, as well as the numerous threats and harassment that accompanied this attempt to relief. Therefore, the ultimate relief sought is broad, and amendable through procession of this litigation in regards to each related claim.

3.) Third Ground for Relief:

During Plaintiffs time at RDAP, he was exposed by DTS Robert Smith, and other federal employees as an informant to a theft of a DVD motor (for tattooing) from the Chapel. This was a report that was not intended for exposure by Plaintiffs act of integrity. However, his DTS Robert Smith disregarded his duty to protect a Confidential Source, thereby exposing the only possible source available, -- the Plaintiff who alone left the service in Chapel that lived in RDAP. This ended in threats from inmates, and hindered Plaintiffs confidence in Smith.

3.

— allegations. Due to the exception of these facts, Plaintiff submits his following grounds that otherwise would obtain no relief without the Courts.

2.) Second Ground for Relief:

As a result of Plaintiffs' unrelated legal obligations in a seperate civil matter in the U.S. District Court of South Carolina, a supeana for Plaintiffs Medical Records were requested in regards to his lower back injury, However, through this action, Defendants, through the Declaration of ~~Kitty~~ Francis F. Lilly, Health Info Technologist, submitted unrequested, and unrelated records. Records that are under Plaintiffs contract, and agreement that his Psychology Records, and his detailed RDAP progress, psycho-social information, clinical reviews, and personal writings of highly confidential treatment procedures were negligently included for publication in this case on PACER.com, and thereby made into a breach of contract and confidentiality, which ends with a final claim of Libel, Slander Per se, Invasion of Privacy, Breach of Confidential Records, Publication of Private Facts, Infliction of Emotional Distress, Negligence and other adverse consequences such as being expelled unjustly from the RDAP after asking the DAP-C Jason Weaver why this was made public, and that Plaintiff felt insecure in RDAP because of this breach.

4.

4.) Fourth Ground for Relief:

Plaintiff Claims that he has been sexually assaulted by FCI Education Staff Member Rayban, who has asked Plaintiff was he gay, and then proceeded to question Plaintiff if he could tell how often Rayban worked out. Plaintiff told him he was leaving the office, and Rayban answered, "you act like my wife, and she is a whore." "Don't you think I'm good-looking?"

There after this experience, Plaintiff has been verbally insulted, and aggressively assaulted with threats from Rayban, and other Education Staff.

5.) Fifth Ground for Relief:

When attempting to file for Regional Offices intervention on "sensitive" matters of threats and retaliation, Regional Office Director negligently returns the clearly marked sensitive issue to the very person the complaint is made to deliver, open and read to Plaintiff, therefore, totally deeming that process "unavailable" and futile. Letters written to Central Offices FBOP Director has also failed in any response.

5.

6.) Sixth Ground for Relief:

As a right of Plaintiffs sentencing under 3553, he is entitled to rehabilitation, and adequate educational environment. Based on the issues of ground 4.), and his on-going denial of having a Teacher in his class, He is forced to set in a room of very loud, and chaotic prisoners with a Tutor (prisoner) that has recently passed his GED, but has absolutely no training as a tutor or teacher, but replaces the often absent Teacher. This Teacher is paid by tax-payers to teach 5 days a week, but after a brief role call leaves the class most week days to being locked in a class extremely inadequate to concentrate, much less learn, or rehabilitate. Plaintiff claims denial of adequate educational environment, and harsh retaliation from Educations Staff D. Toler, Taylor, H. James, and Rayban.

Note: D. Toler has written two malicious shots against Plaintiff for absence, however Lt. Spencer expunged the latest one on January 10, 2018 due to its obvious retaliation and prejudice, not to write up other inmates who were assigned to shop at commissary that day.

6.

7.) Ground Seven for Relief:

Plaintiff claims that numerous employees at FCI Beckley chew and smoke tobacco. The Defendants listed are either smokers culpable, or Administration responsible for Plaintiffs safety, and health. Plaintiff claims that he is forced to inhale daily second hand smoke by federal employees openly smoking outside the Unit, and other Compound routes Plaintiff must pass. Plaintiff attaches affidavits to support this, and other grounds. Some staff Names will be added to the existing Defendants. Plaintiff is clearly establishing an 8th, 5th, 1st, and other Amendment Claims throughout this action.

8.) Plaintiff duly claims Mail Rejection without Due Process, cause, or notice is in violation to policy. Denial of Legal Mail by Plaintiffs Unit Team who claim he is able to see it in the center Office where Secretary J. Hill threatened Plaintiff with being sprayed, and beaten if he keeps trying to file paperwork. Plaintiff attempts to see his legal work on other case, but E. Stennett tells him to get away from the door at open house.

7.

9.) Plaintiff has been threatened, and told by SIS Toney, and Sweeney not to file appeals, nor request video footage be preserved by the Warden, or SIA. Plaintiff has also been told to turn over religious books, and property, or be placed in SHU for punishment to deter practice and study of religion, and theological beliefs, directly related to Christianity, and Freemasonry, after having permission, and lead to order said books by Chaplain Weaver.

10.) Plaintiff anticipates further retaliation form this action, and his efforts to relief, and requests this Court to intervene with any and all appropriate relief deemed effective to deter and prevent further harm from Plaintiff at the "Defendant Institutions" Staff.

(Grounds Amendable) by Plaintiff.

8.