# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **VERNON B. DOWLING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   Civil Action No. 5:18-00055 |
| | ) |
| **CENTRAL OFFICE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's letter-form Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 32), filed on February 5, 2018. For the reasons explained below, the undersigned has concluded that Plaintiff's above Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2017, Plaintiff filed his Application to Proceed Without Prepayment of Fess or Costs and a Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document Nos. 1 and 2.) Plaintiff names the following as Defendants: (1) Central Office; (2) FBOP Director; (3) Mid-Atlantic Office Regional Director; (4) Warden D.L. Young; (5) A. Warden Serrato; (6) A. Warden Birch; (7) DAP-C Jason Weaver; (8) E. Stennet; (9) T. Milam; (10) C. Meadows; (11) J. Grimes; (12) J. Hill; (13) L. Flanagan; (14) J. Davis; (15) (DTS) Robert Smith; (16) DTS Eric Woolwine; (17) William Carnell; (18) H. James, Education Staff; (19) Taylor, Education Staff; (20) Toler, Education Staff; (21) Rayban,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed

Education Staff; (22) SIS Tech Toney; (23) SIS Tech Sweeney; (24) Frances F. Lilly, Health Information Technologist; and (25) FBOP FCI Beckley. (Document No. 2.) In his Complaint, Plaintiff alleges that Defendants have violated his constitutional rights. (Document Nos. 2 and 2-1.) First, Plaintiff alleges that the Central Office, FBOP Director, Mid-Atlantic Office Regional Director, Warden Young, Warden Serrato, and Warden Birch have violated his constitutional rights by rendering the BOP's Administrative Remedy process unavailable or futile. (Document No. 2-1, pp. 1 – 2, 5.) Second, Plaintiff alleges that Defendants Toler, Taylor, James, Rayban, Toney, and Sweeney have retaliated against him for filing administrative remedies. (Id., pp. 6 and 8.) Third, Plaintiff alleges that Francis F. Lilly submitted unrequested and unrelated records in response to a subpoena filed in another civil action pending in the United States District Court for South Carolina. (Id., p. 4.) Plaintiff complains that Defendant Lilly's negligent act resulted in a breach of contract because his confidential records are publically viewable on Pacer. (Id.) Plaintiff further contends that the publication of his confidential records resulted in libel, slander, and invasion of privacy. (Id.) Fourth, Plaintiff alleges that DTS Robert Smith violated his duty to protect Plaintiff by his act of exposing Plaintiff as an informant. (Id., pp. 3.) Plaintiff alleges that the foregoing "ended in threats from inmates and hindered Plaintiff's confidence in Smith." (Id.) Fifth, Plaintiff alleges that he was "sexually assaulted" by Defendant Rayban. (Id., p. 5.) Plaintiff states that Defendant Rayban "sexually assaulted" him by asking Plaintiff the following questions: (1) Whether Plaintiff was gay; (2) Whether Plaintiff could tell how often Rayban worked-out; and (3) "Don't you think I'm good-looking?". (Id.) Sixth, Plaintiff alleges that Defendants Toler, Taylor, James and Rayban have denied him "adequate educational environment." (Id., p. 6.) Plaintiff states he was

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

sentenced under Section 3553 and "he is entitled to rehabilitation and adequate educational environment." (Id.) Plaintiff complains that he is often tutored by a prisoner, who recently passed his GED and replaces the "often absent teacher." (Id.) Plaintiff alleges that even though the prisoner employs a teacher, the teacher often leaves the room after a brief role call. (Id.) Plaintiff states that he should be educated by a trained teacher. (Id.) Seventh, Plaintiff complains that all named Defendants either chew or smoke tobacco outside the Units and "other compound routes Plaintiff must pass." (Id.) Plaintiff complains that he is forced to inhale second-hand smoke on a daily basis. (Id.) Plaintiff complains that Defendants should not expose Plaintiff to secondhand smoke because Defendants are responsible for Plaintiff's safety and health. (Id., 7.) Finally, Plaintiff claims that he is being denied access to the Courts. (Id.) Plaintiff explains that when to goes to the Central Office to review his legal mail, Defendant Hill "threatens Plaintiff with being sprayed and beaten if he keeps trying to file paperwork. (Id.) Plaintiff further alleges that Defendant Stennett has denied him access to his legal mail and documents. (Id.) As relief, Plaintiff requests monetary damages and an injunction. (Document No. 2, p. 5.)

As Exhibits, Plaintiff attaches the following: (1) An Affidavit from Inmates Dustin Raney, LaMichael Carter, and Justin Solan regarding retaliation by staff for the filing of administrative remedies (Document No. 2-2, pp. 1 – 2, 4 - 7.); (2) An Affidavit from Inmate Farris Dobbins stating that prison staff render the administrative remedy process unavailable (Id., p. 3.); (3) A copy of a "Rejection Notice" from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office dated December 21, 2017, concerning Remedy ID No. 925633-R1 (Document No. 2-3, p. 1.); (4) A copy of Plaintiff's "Regional Administrative Remedy Appeal" dated December 14, 2017, concerning Remedy ID No. 925633-R1 (Id., pp. 2 - 4.); (5) A copy of TRULINCS "Request to Staff" dated December 28, 2017, regarding his RDAP expulsion (Id., p.

3

5.); (6) A copy of TRULINCS "Request to Staff" dated December 30 and 31, 2017, requesting that video footage be preserved (Id., pp. 6 - 7.); (7) A copy of TRULINCS "Request to Staff" dated January 9, 2018, complaining of improper processing of administrative remedies (Id., p. 8.); (8) A copy of TRULINCS "Request to Staff" dated January 10, 2018, complaining of retaliation and improper conduct by prison staff (Id., p. 9.); (10) A copy of a "BEC Inmate Bulletin" regarding Inmate Mail dated May 15, 2017 (Id., p. 10.); (11) A copy of TRULINCS "Request to Staff" dated January 13, 2018, complaining that A. Toler is filing "shots" against Plaintiff in retaliation for Plaintiff' filed a Tort Claim (Document No. 4.); and (12) Plaintiff's Affidavit (Document No. 8.)

On January 18, 2018, Plaintiff filed a Motion for Declaratory Action. (Document No. 7.) In his Motion, Plaintiff complains that prison staff are violating his right to send and receive mail. (Id.) Therefore, Plaintiff requests declaratory relief. (Id.) By Order entered on January 19, 2018, the undersigned construed the foregoing as an Amendment to Plaintiff's Complaint. (Document No. 9, p. 4.)

By Proposed Findings and Recommendation entered on January 19, 2018, the undersigned recommended that the District Court dismiss Plaintiff's Complaint as to the following: (1) Claim of a denial of the right to participate in the BOP's administrative remedy process; (2) Claim of verbal abuse and harassment in violation of the Eighth Amendment; (3) Claim of exposure to secondhand smoke in violation of the Eighth Amendment; (4) Claim of expulsion from RDAP in violation of the Due Process Clause; (5) Claim of denial of educational programs in violation of the Due Process Clause; and (5) Claim of improper disclosure of "confidential records." (Document No. 10.) The undersigned recommended that the District Court refer the matter back to the undersigned for further proceedings on Plaintiff's claims of

4

retaliation, right to access to the court, and right to send/receive mail. (Id.) By separate Order entered the same day, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees as to his Bivens claims of retaliation, right to access to the court, and right to send/receive mail. (Document No. 9.) The undersigned directed that Clerk serve process upon Defendants Toler, Taylor, James, Rayban, Hill, Toney, Sweeney, and Stennett. (Id.)

On January 30, 2018, Plaintiff filed the following documents: (1) A Motion for Extension of Time (Document No. 23); (2) A "Motion to Join Defendant" (Document No. 24); (3) Exhibits in Support of his Complaint (Document No. 25.); (4) A "Supplemental Motion to Complaint and Consolidated Request for the Court" (Document No. 26); and (4) A Motion for Clarification/Explanation (Document No. 27). By Order entered on February 1, 2018, United States District Judge Irene C. Berger granted Plaintiff's Motion for Extension of Time and denied his Motion for Clarification/Explanation. (Document No. 29.) By Order entered on February 2, 2018, the undersigned granted Plaintiff's Motion to Join Defendant and granted in part and denied in part Plaintiff's "Supplemental Motion to Complaint and Consolidated Request for the Court." (Document No. 30.) Specifically, the undersigned granted Plaintiff's Motion to the extent Plaintiff requested his Complaint be amended to include a request for injunctive relief and punitive damages and denied the Motion to the extent Plaintiff requests permission to amend his Complaint to include his FTCA claim. (Id.)

On February 5, 2018, Plaintiff filed his instant letter-form Motion for a Temporary Restraining Order or Preliminary Injunction. (Document No. 32.) In his Motion, Plaintiff states that he "anticipates that the ongoing threats and intimidation will develop into imminent risk, danger or personal injury to myself." (Id.) In support, Plaintiff states that he has mailed to the Court a "heavy envelope of Affidavits, Exhibits, [and] an extension for time request." (Id.)

5

Plaintiff states that the fears his mail containing the foregoing documents was "opened or stopped."[2] (Id.) Plaintiff alleges that SIS Toney has threatened retaliation against Plaintiff by way of a "sh*t-storm." (Id.) Based upon the foregoing, Plaintiff requests a "protective order transferring [Plaintiff] immediately" to another prison and "allowing [Plaintiff] to package [his] property for certainty of further loss." (Id.) As an Exhibit, Plaintiff attaches a copy of mail that was returned undeliverable addressed to Washington Field Officer, 1300 17th Street N., Suite 3200, Arlington, VA 22209. (Document No. 32-1.)

## THE STANDARD

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in <u>Hoechst Diafoil Company v. Nan Ya Plastics Corporation</u>, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' <u>Granny Goose</u>, 415 U.S. at 439.

---

[2] The undersigned finds that the Court has received the documents that Plaintiff suspects were "stopped." (Document No. 25.)

6

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[3] The Fourth Circuit has explains that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing

---

[3] The United States Supreme Court vacated the original decision in Real Truth for further consideration in light of Citizens United v. Federal Election Commission, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

7

actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL 1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for the public consequences in employing the extraordinary remedies of an injunction." Id.(citations omitted).

## DISCUSSION

First, the Court lacks authority to grant Plaintiff's request for injunctive relief. Plaintiff requests that this Court enter an order transferring him to a different prison facility. The classification and transfer of federal prisoners falls within the broad discretion of the Bureau of Prisons and Courts lack authority to order that a prisoner be confined to any particular institution. See 18 U.S.C. § 3621(b)(the BOP shall designate the place of an inmate's confinement); also see McKune v. Lile, 536 U.S. 24, 40, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators'' expertise."); Meachum v. Farno, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)(the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995)("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole

discretion of the Bureau of Prisons."); Milhouse v. O'Brien, 2014 WL 12521373, (N.D.W.Va. Feb. 25, 2014)(denying plaintiff's motion for temporary or preliminary injunction where plaintiff failed to satisfy the first *Winter's* factor because he could not succeed on his request for a transfer to a different prison facility); Hinton v. Federal Bureau of Prisons, 2009 WL 3347158, * 4 n. 5 (S.D.W.Va. Oct. 14, 2009)(J. Johnston)("Inmates . . . have no constitutional right to be housed in any particular prison or jail, regardless of security classification."). Second, Plaintiff has failed to show that he will suffer irreparable harm if the temporary or preliminary injunction is denied. Plaintiff merely states that he "*anticipates* that the ongoing threats and intimidation will develop into imminent risk, danger or personal injury to myself." (Document No. 32.) In support, Plaintiff states that he has mailed to the Court a "heavy envelope of Affidavits, Exhibits, [and] extension for time requests" that he believes was "stopped." As noted above, Plaintiff's Affidavits, Exhibits, and Motions were received by the Court on January 30, 2018. (Document Nos. 23 – 27.) Plaintiff's allegations are purely speculative. As explained above, the mere possibility of harm will not suffice to support the granting of a temporary or preliminary injunction. Winter, 55 U.S. at 22, 129 S.Ct. at 375-76. Therefore, the undersigned finds that Plaintiff has not clearly shown that he is likely to succeed on the merits, or that he is likely to be irreparably harmed without a temporary or preliminary injunction. Accordingly, it is respectfully recommended that the District Court deny Plaintiff's letter-form Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 32).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the

District Court **DENY** Plaintiff's letter-form Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 32).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 6, 2018.

Omar J. Aboulhosn
United States Magistrate Judge