# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

VERNON B. DOWLING,

                Plaintiff,

v.                                            CIVIL ACTION NO. 5:18-cv-00055

CENTRAL OFFICE, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

The Plaintiff filed a pro-se *Complaint* (Document 2), asserting various constitutional and tort claims against the Bureau of Prisons and its employees. By *Standing Order* (Document 3), entered on January 16, 2018, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for proposed findings of fact and recommendation for disposition. Magistrate Judge Aboulhosn entered his *Proposed Findings and Recommendation* (PF&R) (Document 10) on January 19, 2018.

Therein, Magistrate Judge Aboulhosn recommends that the Court dismiss the Plaintiff's claims against the following named Defendants: (1) Central Office; (2) FBOP (Federal Bureau of Prisons) Director; (3) Mid Atlantic Office Regional Director; (4) Warden D. L. Young; (5) A. Warden Serrato; (6) A. Warden Birch; (7) DAP-C Jason Weaver; (8) T. Milam; (9) C. Meadows; (10) J. Grimes; (11) L. Flanagan; (12) J. Davis; (13) (DTS) Robert Smith; (14) DTS Eric Woolwine; (15) William Carnell; (16) Frances F. Lilly, Health Information Technologist; and (17) FBOP FCI Beckley. He further recommends that the following counts be dismissed: (1) Claim

of a denial of the right to participate in BOP's administrative remedy process; (2) Claim of verbal abuse and harassment in violation of the Eighth Amendment; (3) Claim of exposure to secondhand smoke in violation of the Eighth Amendment; (4) Claim of expulsion from RDAP (residential drug abuse program) in violation of the Due Process Clause; (5) Claim of denial of educational programs in violation of the Due Process Clause; and (6) Claim of improper disclosure of 'confidential records.' The Magistrate Judge found that further proceedings were appropriate with regard to the Plaintiff's claims of retaliation, right to access the courts, and right to send/receive mail, and those matters remain referred to the Magistrate Judge. The Plaintiff filed timely objections (Document 37) to portions of the PF&R.

The Court has also reviewed the Magistrate Judge's second *Proposed Findings and Recommendation* (Document 33), recommending denial of the Plaintiff's letter-form motion for a temporary restraining order or preliminary injunction (Document 32). The Plaintiff did not file objections to that PF&R, and so it will be adopted without objection.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing

portions of the PF&R *de novo,* the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## PF&R FINDINGS

The Plaintiff presented his complaint in narrative form in multiple documents. The Magistrate Judge did a commendable job of organizing the complaint into distinct causes of action, and the Court adopts the introductory portion of the PF&R for that purpose. In short, the Plaintiff alleges the following:

(1) That the Central Office, FBOP Director, Mid-Atlantic Regional Director, Warden Young, Warden Serrato, and Warden Birch have rendered the BOP's Administrative Remedy process unavailable or futile;

(2) That Defendants Toler, Taylor, James, Rayban, Toney, and Sweeney have retaliated against him for filing administrative remedies;

(3) That Francis F. Lilly breached confidentiality by submitting irrelevant medical records in a civil action pending in South Carolina. He alleges that the publication of those medical records constitutes libel, slander, and invasion of privacy;

(4) That DTS Robert Smith exposed him as an informant to fellow inmates;

(5) That Defendant Rayban "sexually assaulted" him by asking if he was gay and making suggestive comments;

(6) That Defendants Toler, Taylor, James, and Rayban denied him adequate educational opportunities because the teacher is often absent, and he is tutored by an inmate who recently passed his GED;

(7) That he is exposed to second-hand smoke by all of the named Defendants, who he alleged either smoke or chew tobacco outside the units and on routes he must take around the compound;

(8) That he is being denied access to the courts because Defendants Hill and Stennett interfere with his access to legal mail and documents, and threaten to retaliate against him for filing paperwork; and

(9) That he was improperly removed from RDAP.

(PF&R at 1-4.)

The Magistrate Judge explained that unavailability of the administrative remedy process operates to excuse a failure to exhaust such remedies prior to filing suit in federal court, but is not actionable as an independent cause of action. However, he found that the Plaintiff's claim that Defendants Toler, Taylor, James, Rayban, Hill, Toney, and Sweeney retaliated against him for filing administrative remedies should proceed. The Magistrate Judge next analyzed the Plaintiff's Eighth Amendment claims and found that the allegations of verbal abuse and harassment failed to state a claim, based on the applicable precedent. He noted that exposure to second-hand smoke may constitute an Eighth Amendment violation where the inmate demonstrates that he is exposed to unreasonably high levels of tobacco smoke and the prison authorities demonstrated deliberate indifference to the health risk. However, he found that the Plaintiff did not set forth allegations sufficient to establish a violation. The Magistrate Judge further found that inmates do not have a constitutional right to participate in rehabilitative programs while incarcerated, and so the Plaintiff should not be permitted to proceed with the due process claims related to RDAP and educational. Finally, the Magistrate Judge found that the

allegation that Defendant Lilly published confidential records on PACER did not state a constitutional or other federal claim.

## DISCUSSION

The Plaintiff's objections are devoted primarily to further detailing his grievances, rather than contesting the legal or factual basis of the Magistrate Judge's recommendations. He argues that his claim regarding expulsion from RDAP should be permitted to proceed because it was arbitrary and capricious, and he was removed from the program to retaliate against him for asserting complaints. The Plaintiff names Defendants Robert Smith and DAP-C Jason Weaver as responsible for retaliating against him by removing him from RDAP after he reported that Robert Smith failed to protect his identity as an informant regarding a theft within the prison. He states additional factual allegations asserting retaliation against several Defendants, including some of those the Magistrate Judge recommended be dismissed. In addition, the Plaintiff expands upon his allegations regarding his exposure to second-hand tobacco smoke. He asserts that prison employees smoke in the doorways of units, that inmates collect discarded chewing tobacco and smoke it, and that the exposure to tobacco smoke aggravates his asthma. The Plaintiff further argues that the totality of the circumstances of his confinement constitute an Eighth Amendment violation, including the sexual harassment.

To the extent the Plaintiff objects to dismissal of his claims regarding his removal from RDAP, the Court finds that the objections must be overruled. As this Court has previously found, "participation in and expulsion from the RDAP program is not a protected liberty interest in the Due Process Clause." *Owens v. Ziegler*, No. 5:11-CV-00864, 2012 WL 3782557, at \*4 (S.D.W. Va. Aug. 31, 2012) (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S.

1, 7 (1979) for the proposition that a convicted person has no protected right to be released before expiration of a valid sentence). Thus, although evidence regarding the Plaintiff's removal from RDAP may be relevant to his retaliation claims, there is no legal basis for a stand-alone claim challenging his removal from the RDAP program.

The Court further finds that the PF&R properly recommended dismissal of the sexual assault or harassment claims. While sexual abuse can state an Eighth Amendment claim, verbal sexually explicit comments of the type alleged by the Plaintiff do not. *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (unpublished). Therefore, the allegations that Defendant Rayban engaged in sexual harassment by asking the Plaintiff if he was gay or making other suggestive comments do not state a constitutional claim.

The Court further declines to exercise supplemental jurisdiction over any potential state law claims arising from the publication of confidential documents on PACER in his litigation pending in South Carolina. Those allegations do not appear to be sufficiently related to the instant federal allegations to support supplemental jurisdiction.

The remainder of the Plaintiff's objections are better characterized as attempts to amend his complaint by asserting additional facts related to retaliation, interference with access to the courts, and exposure to secondhand smoke. The Court has carefully reviewed the documents filed prior to issuance of the PF&R and finds that the Plaintiff did not allege facts that would support a retaliation claim against the Defendants recommended for dismissal. The facts alleged regarding secondhand smoke were likewise insufficient to state a claim. Therefore, the Court finds that the PF&R should be adopted in full.

Viewing the objections in part as a motion to amend, the Court finds that an additional motion to amend should be permitted with respect to the retaliation claims, but not as to those for secondhand smoke or interference with the administrative remedy process. Although the Plaintiff's additional allegations regarding exposure to secondhand smoke may be sufficient to state a claim, he has since been transferred to a different facility to which those factual allegations are not applicable. *See Helling v. McKinney*, 509 U.S. 25, 36–37 (1993) (establishing the standard for Eighth Amendment claims involving exposure to secondhand smoke and noting that transfer to a new facility would be relevant to such claims). The additional allegations related to interference with the administrative remedy process may be relevant to any motion to dismiss or for summary judgment based on failure to exhaust administrative remedies, but do not state an independent claim.

However, Plaintiff's additional allegations of retaliation may be sufficient to state a claim against certain dismissed Defendants. The Court notes that the Plaintiff has filed several additional documents subsequent to his objections seeking to amend and/or add additional allegations against the dismissed Defendants and previously unnamed Defendants. The Magistrate Judge permitted some amendments, and denied those related to the dismissed Defendants pending resolution of the objections to the PF&R. Given the assortment of allegations spread amongst several motions, the Court finds that the most efficient and prudent course of action is to permit the Plaintiff to file a single proposed amendment with all retaliation allegations against the dismissed Defendants.[1] Because the Plaintiff has been transferred to a

---

[1] Should the Plaintiff choose to file an amendment to his complaint, the Court urges him to limit the document to relevant factual allegations, organized to clearly assert such allegations against each Defendant he seeks to join.

facility outside this Court's jurisdiction, such that allegations of additional wrongdoing could not properly be joined in this case, further amendments will be *strongly* disfavored.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that Judge Aboulhosn's *Proposed Findings and Recommendation* (PF&R) (Document 10) be **ADOPTED** and the Plaintiff's objections (Document 37) be **OVERRULED**. The Court further **ORDERS** that the Plaintiff's claims be **DISMISSED** against the following named Defendants: (1) Central Office; (2) FBOP (Federal Bureau of Prisons) Director; (3) Mid Atlantic Office Regional Director; (4) Warden D. L. Young; (5) A. Warden Serrato; (6) A. Warden Birch; (7) DAP-C Jason Weaver; (8) T. Milam; (9) C. Meadows; (10) J. Grimes; (11) L. Flanagan; (12) J. Davis; (13) (DTS) Robert Smith; (14) DTS Eric Woolwine; (15) William Carnell; (16) Frances F. Lilly, Health Information Technologist; and (17) FBOP FCI Beckley. The Court **ORDERS** that the following counts be **DISMISSED**: (1) Claim of a denial of the right to participate in BOP's administrative remedy process; (2) Claim of verbal abuse and harassment in violation of the Eighth Amendment; (3) Claim of exposure to secondhand smoke in violation of the Eighth Amendment; (4) Claim of expulsion from RDAP (residential drug abuse program) in violation of the Due Process Clause; (5) Claim of denial of educational programs in violation of the Due Process Clause; and (6) Claim of improper disclosure of 'confidential records.'

In addition, the Court **ORDERS** that the Magistrate Judge's second *Proposed Findings and Recommendation* (Document 33) be **ADOPTED** without objection, and that the Plaintiff's letter-form motion for a temporary restraining order or preliminary injunction (Document 32) be **DENIED**.

Finally, the Court **ORDERS** that the Plaintiff be granted leave to file a proposed amended complaint asserting any retaliation claims against the dismissed Defendants. Such a proposed amended complaint must be filed no later than **August 22, 2018**, and shall be no more than **FIFTEEN (15) pages**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: July 19, 2018

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA